UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FIDELA ARIAS, *individually and on behalf of all others similarly situated*,

                Plaintiff,

-against-

76 TAQUERIA NO. 2 CORP., D/B/A COATZINGO RESTAURANT, 79-11 COATZINGO RESTAURANT, INC., D/B/A, COATZINGO RESTAURANT, MANUEL SANCHEZ, MAXIMO DOE, and RUFINO ZAPATA,

                Defendants.
-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**15 CV 2410 (KAM) (LB)**

**BLOOM, United States Magistrate Judge:**

      Plaintiff, Fidela Arias, brings this action against 76 Taqueria No. 2 Corp. (d/b/a Coatzingo Restaurant), 79-11 Coatzingo Restaurant, Inc. (d/b/a Coatzingo Restaurant), Manuel Sanchez, Maximo Doe, and Rufino Zapata, to recover unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201–19 ("FLSA"), and the New York Labor Law, Art. 6, §§ 190–99, and Art. 19, §§ 650–65 (collectively, "NYLL"). The Honorable Kiyo Matsumoto referred the parties' motion for settlement approval and plaintiff's motion for a default judgment to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons stated below, it is respectfully recommended that the parties' instant motion for settlement approval should be denied without prejudice and plaintiff should be directed to withdraw her motion for a default judgment.

## BACKGROUND

      Plaintiff worked as a waitress at Coatzingo Restaurant, located at 79-11 Roosevelt Avenue, in Jackson Heights, New York, from approximately October 2012 through April 6, 2015. Plaintiff alleges that in addition to serving, she spent at least two hours or more each day "performing []

non-waitressing, non-tip duties….." (ECF No. 11, Am. Compl. ¶ 50.) Plaintiff maintains that she worked approximately 61.5 hours every week, and that she was paid a fixed salary of one hundred dollars per week from October 2012 through October 2013, and one hundred and twenty dollars per week from October 2013 through April 2015. (Id. at ¶¶ 54, 56, 57.) Plaintiff alleges that she was always paid in cash, and was not paid the required minimum wage or overtime compensation throughout her employment. (Id. at ¶ 55.)

Plaintiff brings her claims under the FLSA and the NYLL alleging that she was denied minimum wage, overtime compensation, spread of hours pay, and that she did not receive the wage records and notices required under the NYLL.

## PROCEDURAL HISTORY

Plaintiff filed the original complaint on April 28, 2015, (ECF No. 1), and a first amended complaint on October 2, 2015. (ECF No. 11.) All defendants were served with the amended complaint on October 13, 2015. (ECF Nos. 12-16.) On June 3, 2016, the Court directed plaintiff to take appropriate action because defendants had not responded to the complaint. Plaintiff requested a certificate of default on October 25, 2016, (ECF No. 18), and the Clerk of Court entered default against defendants on October 27, 2016. Plaintiff filed a motion for a default judgment on November 7, 2016. (ECF No. 22.) On March 13, 2017, plaintiff's counsel filed a motion for settlement approval on behalf of the parties after defendants reached out to plaintiff's counsel to resolve this case upon receiving plaintiff's motion for a default judgment.[1]

---

[1] The instant motion for settlement approval was submitted by plaintiff's counsel. While defendants have signed the attached Agreement, defendants have not formally appeared and therefore the certificate of default is still on the record. The Court cannot approve the parties' settlement agreement until defendants appear in this action. Plaintiff's counsel shall serve a copy of this Report and Recommendation on defendants' counsel forthwith, and defendants' counsel shall immediately file a notice of appearance.

## DISCUSSION

### I. Plaintiff's Motion for a Default Judgment

The Second Circuit has an "oft-stated preference for resolving disputes on the merits," making default judgments "generally disfavored." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). Plaintiff's counsel represents that plaintiff has chosen to pursue the instant settlement agreement with defendants in lieu of her motion for a default judgment, having weighed the potential for recovery at trial, defendants' purported financial limitations, and the potential "delay involved in obtaining and enforcing a judgment." (ECF No. 25, p. 2.) Therefore, it is respectfully recommended that plaintiff should be directed to withdraw her motion for a default judgment. (ECF No. 22.)

### II. Standard for Approving FLSA Settlements

In Cheeks v. Freeport Pancake House, Inc., the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks, 796 F.3d 199, 206 (2d Cir. 2015). Generally, "if the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." Kochilas v. Nat'l Merchant Servs., Inc., No. 14-CV-311(LB), 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). To determine whether a FLSA settlement agreement is a reasonable compromise in a case that does not involve a certified class, the Court takes into account "(1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness of the settlement amount in light of the best possible recovery and all the risks of litigation." Calle v. Elite Specialty Coatings Plus,

Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081, at *2 (E.D.N.Y. Nov. 19, 2014) (citing Peralta v. Allied Contracting II Corp., No. 09-CV-953 (NGG)(RER), 2011 WL 3625319, at *1 (E.D.N.Y. Aug. 1, 2011), adopted, 2011 WL 3625501 (E.D.N.Y. Aug. 17, 2011)).

In addition to assessing the reasonableness of the agreement on the merits and the nature of the case, Cheeks highlighted the need to ensure that the settlement not offend the FLSA's "primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." Cheeks, 796 F.3d at 207. "Indeed, the statute's protections apply even 'to those who would decline its protections,' as employers might otherwise 'be able to use superior bargaining power to coerce employees…to waive their protections under the Act.'" Mei Xing Yu v. Hasaki Restaurant, Inc., --- F.R.D. ---, No. 16 Civ. 6094 (JMF), 2017 WL 1424323, at *1 (S.D.N.Y. April 10, 2017). Furthermore, following Cheeks, courts in this Circuit have repeatedly rejected confidentiality provisions and general liability releases in FLSA settlement agreements. Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JCC), 2015 WL 7271747, at *3 (S.D.N.Y. Nov. 6, 2015) (collecting cases).

The Court also considers whether the settlement agreement reflects an arm's-length bargain between experienced counsel and whether fraud or collusion played any role. D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) (citation omitted). To that end, the Court evaluates the reasonableness of any attorney's fees included in the proposed settlement. See 29 U.S.C. § 216(b); NYLL § 663(1). Although there is a "greater range of reasonableness" where "the parties settled on the fee through negotiation," Misiewicz v. D'Onofrio Gen. Contractors Corp., No. 08-CV-4377 (KAM)(CLP), 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010), the Court "must carefully scrutinize the settlement and the circumstance in which it was reached" to determine that there was

no conflict between counsel's interest in fees and the plaintiff's interest in obtaining the best possible recovery, Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012).

### III. Instant Settlement Agreement

The parties signed the attached Settlement Agreement (the "Agreement") in this matter on January 30, 2017, (Agreement, ECF No. 25-1), exactly twelve weeks after plaintiff filed her motion for a default judgment. Plaintiff's counsel filed a motion for settlement approval on March 13, 2017, which includes a copy of the January 30, 2017 Agreement, and the proposed Confession of Judgment. (ECF No. 25-1.) The settlement agreement is poorly drafted and riddled with errors: it refers to plaintiff as "he" throughout.[2] The errors undermine the Court's confidence that the parties clearly understand their rights and obligations under the Agreement.

The basic terms of the Agreement provide that plaintiff will release defendants from "any and all claims or potential claims" and will seek dismissal of the instant case in exchange for $55,000.00. (Agreement ¶ 1.) Under the Agreement, thirty-three percent of the $55,000.00 settlement agreement will be paid to plaintiff's counsel to cover costs and attorney's fees. Plaintiff's counsel has not submitted contemporaneous time records and their letter motion for settlement approval only includes two bulleted paragraphs that state the hourly rates of the named partner and a third year associate. Counsel also states that the settlement agreement was reached through "arms-length bargaining between experienced counsels." (ECF No. 25, p.2.) The next sentence states that plaintiff is to recover "forty-seven thousand dollars ($55,0000.00)…" from the

---

[2] It appears that counsel put minimal effort into this settlement agreement. For example, according to plaintiff's complaint, the correct pronoun to use when referring to plaintiff, Fidela Arias, is "she," however, the entire agreement and much of plaintiff's motion for settlement approval refers to the plaintiff as "he." Moreover, the agreement states that the settlement will be paid in nineteen installments, but only provides eighteen installment amounts. As a result, the $55,000.00 total settlement is short by $1,944.45. Furthermore, the dates of the installment payments are left blank. The Court cannot assess the reasonableness of the settlement without the timeframe of the installment payments. Finally, the amount on the confession of judgment, (ECF No. 25-1, p.10), is also blank.

5

settlement. Even on a most cursory review, experienced counsel should notice and correct the number of typographical errors included in these papers. Finally, the parties have failed to include the language of the general release they intend plaintiff to sign upon executing the settlement agreement. Instead, in paragraph nine labeled "Enforceability," the Agreement states that "plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable." (ECF No. 25-1, p.6.)

While $55,000.00 may be a reasonable amount for Plaintiff to agree to resolve her claim, the Court should not approve the parties' slipshod settlement as submitted.

### A. Reasonableness

To determine whether a settlement is reasonable, the Court must balance the various factors considered in this district. See Calle, No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081, at *2 (E.D.N.Y. Nov. 19, 2014) (internal citations omitted). Litigation in FLSA cases, even where only a single plaintiff's claims are at issue, can take years. Settlement at this early stage in the proceedings—before defendants have responded or discovery has been conducted—weighs in favor of approval, assuming the parties' agreement is fair. By settling this case before defendants answered the complaint, plaintiff avoided litigation of any issues that may have arisen if defendants had responded to the amended complaint. See Misiewicz, No. 08-CV-4377 (KAM)(CLP), 2010 WL 2545439, at *4–5; See also Reyes v. Buddha-Bar NYC, No. 08 Civ. 2494 (DL), 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009) (approving FLSA settlement and noting that "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation").

The parties have not given the Court information to assess the risks of establishing liability and damages. Plaintiff's motion for settlement approval merely summarizes the facts alleged in

her complaint. Should this Report be adopted and should a new motion for settlement approval be filed, the parties should include a brief recitation of the disputed facts for the Court to better assess the fairness of the proposed settlement agreement.

The parties' motion for settlement approval indicates that the settlement agreement reflects an understanding of the constraints on defendants' financial situation. (ECF No. 25.) Plaintiff's counsel states that defendants' financial situation would make it difficult for plaintiff to enforce a judgment. However, there is no indication that plaintiff's counsel reviewed defendants' financial statements to corroborate defendants' claim of financial distress. Judicial oversight of settlements is required in FLSA cases because of the concern that "employers may be more inclined to offer, and employees, even when represented by counsel, may be more inclined to accept, private settlements that ultimately are cheaper to the employer than compliance with the Act." Cheeks, 796 F.R.D. at 205-206 (internal citations omitted). The parties must demonstrate that the proposed settlement agreement is based on defendants' substantiated financial limitations and not defendants' desire to avoid compliance with the FLSA and the NYLL.

The parties have agreed to a settlement amount of $55,000.00 inclusive of attorney's fees and costs. As one-third of that amount has been allocated to pay plaintiff's attorney's fees and costs, plaintiff's portion of the total award equals $36,666.67. That is less than one-fifth of the damages plaintiff sought in her motion for a default judgment.[3] Furthermore, plaintiff's attorney's fees in the settlement agreement are more than double the amount requested in the motion for a default judgment.[4] As already pointed out, the poor quality of the instant motion for settlement approval makes the Court question the plaintiff's attorney's calculation of fees.

---

[3] Based on Plaintiff's motion for a default judgment, Plaintiff's unpaid minimum and overtime wages, spread of hours wages, pre-judgment interest, and liquidated damages amount to $196,919.17. (See ECF No. 23, ¶ 16.)
[4] Plaintiff requested $7,175.00 in attorney's fees in the motion for a default judgment filed on November 7, 2016.

7

Plaintiff's counsel states that "plaintiff's best scenario calculation was that she was owed approximately $57,466.91 in overtime wages." (ECF No. 25:#150.) To begin with, plaintiff's counsel should clarify whether that calculation only includes overtime wages, or both the required minimum wage and overtime wages plaintiff alleges she was denied.[5] Plaintiff maintains in the motion for a default judgment that she would be entitled to recover $196,919.17 in minimum wage and overtime wages, spread of hours pay, pre-judgment interest, liquidated damages, and statutory damages. It may be that $57,466.91 represents plaintiff's "best scenario calculation," however, the parties have offered no information that would allow the Court to assess that calculation.

Furthermore, the proposed settlement provides plaintiff less than two-thirds of her "best case scenario" over a nineteen-month payment plan. That does not appear fair where plaintiff is alleging she was routinely paid only one hundred dollars and later one hundred and twenty dollars per week for approximately 61.5 hours of work. "Indeed, the Supreme Court has 'frequently emphasized the nonwaivable nature of an individual employees' right to a minimum wage and to overtime pay under the Act.'" Mei Xing Yu, --- F.R.D. ---, No. 16 Civ. 6094 (JMF), 2017 WL 1424323, at *1 (S.D.N.Y. April 10, 2017). On the record before the Court, plaintiff's recovery should be closer to $57,466.91, for the settlement to be fair.[6] Otherwise, like defendants would have little incentive to comply with the law.

B. General Release

The Agreement's "Release Notification" is another obstacle to Court approval. As with confidentiality provisions, broad general releases are impermissible. See Cheeks, 796 F.3d at 206.

---

[5] Plaintiff's motion for a default judgment suggests this number comprises the total unpaid minimum and overtime wages during her employment, not just overtime.

[6] Given the poor quality of the motion for settlement approval and the fact that plaintiff's counsel's billing calculation of $7,175.00 in attorney's fees and costs was submitted only four months before filing the instant motion, the settlement would likely be fair to plaintiff if fees were based on counsel's contemporaneous billing records, as opposed to the one-third contingency fee apportioned in the instant Agreement.

"[A]n employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA." Mahalick v. PQ N.Y. Inc., No. 14 Civ. 899 (WHP), 2015 WL 3400918, at *2 (S.D.N.Y. Apr. 30, 2015) (internal citations omitted); see Souza, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *6 (S.D.N.Y. Nov. 6, 2015) (noting that some courts have understood the aversion to overbroad releases as requiring that FLSA releases be limited to wage-and-hour claims). A release is overbroad if it "'confers an uncompensated, unevaluated, and unfair benefit on the employer….'" Lopez, 96 F. Supp. 3d at 181 (quoting Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010)). Here, although the parties have failed to include a copy of the general release plaintiff must sign upon executing the settlement agreement, the Court suspects the Agreement's general release is too broad. The Agreement provides "…Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable." (ECF No. 25-1, Agreement ¶ 9.) The Court must review the release plaintiff will sign; the settlement agreement cannot simply state that she will sign a release. See Souza, No. 15 Civ. 327 (JLC), 2015 WL 7271747 (S.D.N.Y. Nov. 6, 2015).

Furthermore, the release must be tailored to the claims plaintiff brought in the instant action. Paragraph ten of the Agreement, "Release Notifications," states that "plaintiff acknowledges that it is [her] choice to waive *any* potential claims in return for the benefits set forth herein." (Id.) (*emphasis* added). By including "any potential claim," known and unknown to Plaintiff, past and future, the release is impermissibly broad and must be redrafted. Cf. Gonzales v. Lovin Oven Catering of Suffolk, Inc., No. 14-CV-2824 (SIL), 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (finding FLSA settlement release of wage claims known and unknown to plaintiff impermissibly overbroad and declining to approve the settlement). The settlement agreement, including the release, is subject to the Court's approval, and the Court should not

approve a general release that releases defendants from claims other than those brought in the instant action. See Mahalick, No. 14 Civ. 899 (WHP), 2015 WL 3400918, at *2 (S.D.N.Y. Apr. 30, 2015). Should this Report be adopted, the Court should grant plaintiff 30 days leave to file a new motion for settlement approval, including a settlement agreement, free of grammatical errors and with no blank terms, and a copy of the exact release, tailored to plaintiff's instant claims, that plaintiff will sign.

### C. Attorney's Fees

"To aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award." Wolinsky, 900 F.Supp.2d at 336 (internal citations omitted). To assess the reasonableness of the proposed attorney's fees, a court will review "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done" to calculate the lodestar amount. Id. (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983); see also Run Guo Zhang v. Lin Kumo Japanese Rest., Inc., No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015). A court considers a number of factors in determining the reasonableness of the fee and may modify the fee award from the lodestar where appropriate. See Wolinsky, 900 F.Supp.2d at 336 (internal citations omitted); See also Bogosian v. All American Concessions, No. 06-CV-1633 (RRM)(RML), 2012 WL 1821406, at *2 (E.D.N.Y. May 18, 2012) (internal citations omitted).

Under the Agreement, thirty-three percent of the $55,000.00 settlement agreement will be paid to plaintiff's counsel to cover costs and attorney's fees. That means, plaintiff will receive $36,666.67 and her attorneys will receive $18,333.33. While a one-third contingency fee is often found to be reasonable in this District, the Court must nevertheless be sure that the settlement agreement is fair to the plaintiff. Plaintiff's counsel has not submitted contemporaneous time

records to demonstrate their work on this case warrants more than double the fees sought in plaintiff's motion for a default judgment. The two bulleted paragraphs stating the hourly rates of the named partner and a third year associate are plainly insufficient. Plaintiff's counsel notes that they have agreed to take one third of the settlement amount, despite their retainer with plaintiff providing for forty percent of whatever damages plaintiff recovers to cover attorney's fees and costs.[7] The Court cannot assess the reasonableness of plaintiff's attorney's fees without the required contemporaneous billing records.

Finally, should this Report be adopted and the parties file a new motion for settlement approval, plaintiff's counsel should not include the hours spent preparing the new motion for settlement approval in the contemporaneous billing records that counsel will submit. Counsel's instant motion was deficient and required revision due to counsel's own error. Counsel should do the required work in the right way in the first instance. Therefore, additional fees should not be sought for the hours plaintiff's counsel will spend revising the motion for settlement approval.

### D. Payment Structure

The proposed settlement agreement lays out a nineteen-installment payment plan.[8] The Agreement leaves the date of each installment payment blank. This is unacceptable. Additionally, as previously noted, while the Agreement states that there will be nineteen payments, only eighteen are memorialized in the Agreement as drafted, depriving plaintiff of $1,944.45 of the $55,000.00

---

[7] Counsel's suggestion that this percentage is reasonable does not sit well with the Court. This Circuit has routinely held that a contingency fee of more than one-third is unreasonable. See Najera v. Royal Bedding Co. LLC., No. 13-CV-1767 (NGG)(MDG), 2015 WL 3540719, at *3 (E.D.N.Y. July 3, 2015) (collecting cases); See also Calle, No. 13-CV-6126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."); See also Lopez v. Poko-St. Ann L.P., 176 F.Supp.3d 340, 343 (S.D.N.Y. 2016) ("Except in extraordinary cases, courts in this District have declined to award fees representing more than one-third the total settlement amount.") (internal citations omitted).

[8] The Court assumes the current agreement spans nineteen months, one payment per month, but it is not clear in either the settlement agreement, or in the motion for settlement approval that this is the agreed timeframe.

total. However, of even greater concern, is that the Agreement, as currently drafted, directs all payments to "Michael A. Faillace, Esq., as Attorney for Plaintiff" and "[d]etermination of the plaintiff's share, counsel fees, and costs, is the responsibility solely of the plaintiff and [her] counsel." The Court fails to see the fairness of such a payment scheme. Plaintiff should know precisely what she is agreeing to be paid and when she will be paid. Plaintiff has already waited more than two years to recover wages she alleges she should have been paid while working.[9] Assuming defendants are required to pay monthly installments under the settlement agreement, I recommend that for each installment, defendants write one check to plaintiff for her portion and one check to plaintiff's counsel for their portion of each installment. In the alternative, plaintiff's counsel could agree to forego any payment until plaintiff recovers her entire award. In any event, the payment structure must be specified and should provide meaningful safeguards to make sure plaintiff receives her full share under the Agreement.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that the parties' motion for settlement approval should be denied without prejudice. Plaintiff should be directed to withdraw the motion for a default judgment. The parties should be granted 30 days leave to file a new motion for settlement approval which addresses the concerns raised herein. Furthermore, all settlement documents, including the release and motion for settlement approval should be translated into Spanish for both plaintiff and defendants, and counsel for both plaintiff and defendants should provide certification with the motion that this was done.

---

[9] One year of the delay is attributable to plaintiff's counsel who waited until October 25, 2016 to request a certificate of default when defendants had failed to respond to plaintiff's complaint one year earlier, on November 3, 2015. Under the Agreement as drafted, it is conceivable that plaintiff's counsel could wait to pay plaintiff her damages until their fees and costs are fully recovered.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                              /S/
                                           LOIS BLOOM
                                           United States Magistrate Judge

Dated: May 30, 2017
       Brooklyn, New York