```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

FIDELA ARIAS (A.K.A. ADELA ARIAS),
individually and on behalf of others          ORDER ADOPTING REPORT
similarly situated,                           AND RECOMMENDATION
                    Plaintiff,

     -against-                                15-cv-2410 (KAM)(LB)

76 TAQUERIA NO. 2 CORP. (D/B/A
COATZINGO RESTAURANT); 79-11 COATZINGO
RESTAURANT, INC. (D/B/A COATZINGO
RESTAURANT); MANUEL SANCHEZ; MAXIMO
DOE; and RUFINO ZAPATA,

                    Defendants.

----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On April 28, 2015, plaintiff Fidela Arias ("plaintiff") commenced this action against defendants 76 Taqueria No. 2 Corp., 79-11 Coatzingo Restaurant, Inc., Manuel Sanchez, Maximo Doe, and Rufino Zapata (together, "defendants"). (*See* ECF No. 1, Complaint.) Plaintiff filed an amended complaint on October 2, 2015. (*See* ECF No. 11, Amended Complaint ("Am. Compl.").)

Plaintiff alleges that she was employed as a tipped waitress at defendants' restaurant in Jackson Heights, New York from approximately October 2012 to April 2015. (ECF No. 11, Am. Compl. ¶¶ 5, 20, 50.) Notwithstanding her designation as tipped staff, plaintiff alleges that she spent "several hours each day performing non-tipped duties." *Id.* ¶¶ 5, 9. Plaintiff regularly

worked in excess of 40 hours per week, and in excess of 10 hours per day. *Id.* ¶¶ 6, 8. From approximately October 2012 through approximately October 2013, plaintiff was paid a fixed salary of $100 per week, and from approximately October 2013 through approximately April 2015, she was paid a fixed salary of $120 per week. *Id.* ¶¶ 56, 57.

Plaintiff brought this suit to enforce her alleged rights under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiff claims principally that defendants failed to pay her minimum and overtime wages, *id.* ¶¶ 88-111, that she did not receive "spread of hours" pay as required by the NYLL, *id.* ¶¶ 112-115, and that defendants failed to comply with NYLL recordkeeping and wage statement requirements, *id.* ¶¶ 116-121. This suit purports to be a collective action under the FLSA, although no request for certification of a collective action has been made.

On October 25, 2016, plaintiff requested a certificate of default against defendants, on the basis that defendants failed to respond to the amended complaint or otherwise appear in this action. (ECF No. 19, Declaration in Support of Request for Certificate of Default.) Default was entered against defendants on October 27, 2016. (ECF Entry of Default dated Oct. 27, 2016.)

2

Plaintiff moved for an entry of default judgment against defendants on November 7, 2016, seeking default judgment, damages, attorneys' fees and costs.  (ECF No. 22, Motion for Default Judgment.)

On March 13, 2017, plaintiff advised the court that plaintiff and defendants reached a resolution, and submitted the parties' settlement agreement for court approval.  (ECF No. 25, Motion for Settlement Approval.)  On April 7, 2017, the court referred the motion for settlement approval to Magistrate Judge Lois Bloom for a Report and Recommendation ("R&R").  (ECF entry dated April 7, 2017.)  On May 30, 2017, Judge Bloom issued an R&R, in which she recommended that the motion for settlement approval be denied without prejudice with leave to file a new motion for settlement approval addressing the concerns raised in the R&R, and that plaintiff be directed to withdraw her motion for a default judgment.

The R&R notified parties of the right to file written objections, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).  (ECF No. 26, R&R at 13.)  To date, defendants have not filed an appearance with the court, nor has either party objected to the R&R.  However, the parties filed a joint letter on June 28, 2017, advising the court that a revised agreement has been agreed upon, and that they intend to submit the

3

revised agreement for approval. The statutory period for filing objections has now expired.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where "no or merely perfunctory objections" to the Report and Recommendation have been filed, however, the district court reviews for clear error. *Caires v. JP Morgan Chase Bank N.A.*, No. 16-cv-2694, 2017 WL 384696, at *1 (S.D.N.Y. January 27, 2017). The district court is permitted "to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous." *S.E.C. v. Nadel*, No. 11-cv-215, 2016 WL 4718188, at *2 (E.D.N.Y. September 9, 2016) (citations omitted).

Upon a review of the Report and Recommendation, and considering that the parties have failed to object to any of Judge Bloom's thorough and well-reasoned recommendations, the court finds no clear error in the R&R and hereby affirms and adopts the R&R in its entirety.

Accordingly, plaintiff's motion for settlement approval is denied without prejudice. The parties are granted leave to file a new motion for settlement approval which addresses the

concerns raised by Judge Bloom's R&R within 30 days of this Order. The court further grants plaintiff's request to withdraw her motion for default judgment.

The revised motion for settlement approval and settlement agreement should address the following as set forth in the R&R:

- Counsel for defendants must immediately file a notice of appearance before this court;
- The parties should include a brief recitation of disputed facts to facilitate fairness review;
- The parties must demonstrate that the financial considerations in the proposed settlement agreement are based on defendants' substantiated financial limitations;
- The parties should clarify which claims are incorporated in plaintiff's "best scenario [damages] calculation" of "$57,466.91 in overtime wages" (*see* ECF No. 25, Motion for Settlement Approval at 2), and why this figure differs from her initial damages request of $196,919.17 in the motion for default judgment (*see* ECF No. 22, Motion for Default Judgment ¶ 16);

5

- The parties should tailor the proposed release from liability to the instant FLSA and NYLL action, and should provide the court with a copy of the proposed release that plaintiff will sign;

- Counsel for plaintiff should submit contemporaneous time records that demonstrate that the work performed warrants the dramatic increase in attorneys' fees from the amount requested in the motion for default judgment;

- The parties should revise the settlement agreement to account for all nineteen payment installments, and should specify contemplated timing for delivery of each payment;

- The settlement agreement should provide that payments to plaintiff and her counsel shall not be comingled, and should specify the amount that plaintiff shall receive in each installment;

- The affidavit of confession of judgment of Manuel Sanchez shall state the total sum of the judgment; and

- Counsel for plaintiff shall certify that all

settlement documents, including the motion for settlement approval, the settlement agreement, and the release, and Judge Bloom's R&R and this Order, were translated to Spanish and provided to both plaintiff and defendants.

**SO ORDERED.**

Dated: July 5, 2017
Brooklyn, New York

_____ \_\_\_/s/_____
Kiyo A. Matsumoto
United States District Judge